ACCEPTED
06-16-00060-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
9/6/2016 11:58:32 PM
DEBBIE AUTREY
CLERK

**NO. 06-16-00060-CR & 06-16-00059-CR**

# In the
# Sixth Court of Appeals
# Texarkana, Texas

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

9/7/2016 7:38:00 AM

DEBBIE AUTREY
Clerk

-------------------------------------------------------------------------------------------------------

**STATE OF TEXAS V. MICHAEL DWIGHT WARD**

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

9/7/2016 7:38:00 AM

DEBBIE AUTREY
Clerk

**On Appeal from the 13ᵗʰ Judicial District Court, Navarro County**

**Trial Court Cause NO. D36,157-CR & D36,163-CR**

**APPELLANT'S BRIEF**

**Rickey D. Jones**
**Attorney for the Appellant**
**Bar I.D. No. 00787791**
**1910 Pacific Ave, Ste 15100**
**Dallas, Texas 75201**
**Telephone: (210) 710-7062**
**Facsimile: (866) 589-0541**
**Email: rickey@satx.rr.com**

**APPELLANT REQUESTS ORAL ARGUMENT**

1

## Identity of the Parties and Counsel

**Appellant**

Michael Dwight Ward

**Trial Counsel**

Mr. Neal Green
SBOT: 24036679
PO Box 346
Corsicana, Texas 75110
903-874-5494

**Appellate Counsel**

Rickey D. Jones
SBOT No. 00787791
1910 Pacific Ave, Ste 15100
Dallas, Tx 75201
Telephone: (210) 710-7062
Fax: (866) 589-0541

**Trial and Appellate Counsel  for the State**

Will Thompson
Assistant District Attorney
SBOT: 24045055
        and
Andrew Wolf
Assistant District Attorney
SBOT: 24048896
800 N. Main
Telephone: 903-654-3045
Fax: 903-872-6858
Corsicana, Texas 75110

# TABLE OF CONTENTS

Identities of Parties and Counsel…………………………….…....………….2

Table of Authorities……………………………………………………………..3

Statement Regarding Oral Argument……………………………………………..5

Statement of the Case........................................…… ………….………..5

Issues Presented.........................................................................................6

Statement of Facts.......................................................................................7

Summary of Argument..................................................................................10

Argument……………………...…………………………………..............11

Conclusion……………………………………………………………………...16

Certificate of Compliance with Rule 32(a)……………………………………..17

Certificate of Service……………………………………………………………...18

## Index of Authorities

Texas Rules of Appellate Procedure 39.1…………………………………………..5

Texas Code of Criminal Procedure, Article 39.14…………….5, 6, 9-11, 13, 14, 15

Texas Code of Criminal Procedure 29.13……………………………………...15

## Cases

Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007)………………..12

Jackson v. Virginia, 99 S. Ct. 2781, 2788-89, 560 (1979))………………………12

Tibbs v. Florida, 457 U.S. 31, 41-42, 102 S. Ct. 2211, (1982)…………………...12

Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988)…………………12

Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)…………………12

Vasquez v. State, 67 S.W.3d 229, 241 (Tex. Crim. App. 2002)………………….15

## Statement Regarding Oral Argument

Pursuant to Texas Rules of Appellate Procedure 39.1, Appellant requests oral argument and submits that it would materially aid the decisional process in this case.

## Statement of the Case

At trial, Appellant was pronounced guilty of two charges; both charges against Appellant were identical: intent to deliver controlled substances over 4 grams and less than 200 grams; and Appellant was sentenced to incarceration of 54 years on each charge, to run concurrently.[1] However, there was no direct evidence of any intent to deliver on either charge. The only witness was the woman, Pamela Wilson, in the car with Appellant when he was checked by the police for "a traffic offense," a failure to signal a turn.[2] And, as a matter of fact, all of the drugs regarding charge numbered 36,163-CR were found stuffed in Ms. Wilson's bra. Moreover, she testified under both direct and cross-examination that they were on their way to "stash" the drugs. Hence, Ms. Wilson's testimony is the only direct evidence regarding what they intended to do with the drugs.

This case also calls into question the State's behavior in failing to timely supplement Appellant's discovery request pursuant to Texas Code of Criminal Procedure Article 39.14(a). Instead, during the first day of trial, Appellant's

---

[1] Vol 8:84:19-86:2
[2] Vol 4:172:5-12

attorney discovered that the State had failed to properly fulfill its duty to supplement. The State then provided Appellant's attorney with the additional discovery, which would require 30 days for Appellant's attorney to properly examine all of the newly presented material.[3]

Appellant's attorney filed a Motion for Continuance, and the Court provided two short Continuance periods. Neither of which were remotely sufficient periods for Appellant's attorney to examine the newly supplied material. Moreover, the Court continuously denied Appellant's attorney his repeated requests for adequate time to review the Article 39.14(a) material that Appellant's attorney received during the beginning of the trial.

This case raises three issues regarding a defendant's right to a fair trial as guaranteed by the Constitutions of the United States and the State of Texas.

## Issues Presented

1. Given the total absence of any direct evidence on the element of "intent to deliver," was the evidence sufficient for conviction?
2. Did the State violate its duties under Texas Code of Criminal Procedure Article 39.14(a) by failing to supplement the requested discovery in a timely manner?
3. Did the Trial Court abuse its discretion in denying Appellant's Motion for Continuance?

## Statement of Facts

---

[3] Vol 7:4:23-5:6

Ms. Pamela Wilson was the State's only witness that could have had any personal knowledge regarding what she and Appellant intended to do with the illicit drugs that the police found in their possession. Ms. Wilson and Appellant were both charged with the two exact same charges. Before the trial below, Ms. Wilson, in a plea bargain wherein she received a 10 year probation, pled guilty to both charges.[4] Moreover, Ms. Wilson had already been twice convicted and imprisoned for possession of a controlled substance before the present matter occurred.[5]

In the present case, when the female police officer came, Ms. Wilson took the drugs she was carrying in her bra, which were all in a sock and gave them to the officer. The drugs she was carrying in her bra were cocaine, marijuana, and PCP; and she claimed that Appellant gave her the sock full of those illicit drugs.[6] Ms. Wilson also admits that she was "high" at the time; that she used all of the drugs found in the sock she pulled out from her bra: cocaine, marijuana, and PCP; and that her memory is "real fuzzy" because she was so high on the drugs.[7]

Moreover, under cross-examination, Ms. Wilson admits that she does not remember Appellant giving her the stuff that was in her bra and that, in fact, she does not know if he gave it to her or not.[8] Still, under re-direct, she testifies that she

---

[4] Vol 6:17:8-19 and Vol 6:21:3-22:10
[5] Vol 6:18:11-19:6
[6] Vol 6:30:18-31:9
[7] Vol 6: 31:10-32:13
[8] Vol 6:32:20-33:10

got the drugs that were is her bra from Appellant.[9] And under recross-examination, she admits that:

> Q. But even though you can't remember Michael giving you these drugs, and you can't; right?
>
> A. A little, I mean, where would I get them from?
>
> Q. I don't know. But you say that you were using all kinds of drugs; right?
>
> A. Uh-huh.
>
> Q. That's a yes?
>
> A. Yes.
>
> Q. You bought drugs from lots of people; right?
>
> A. Yes.
>
> Q. You know lots of people to buy drugs from; right?
>
> A. Yes.
>
> Q. So you didn't have to have gotten these drugs from Michael Ward, did you?
>
> A. No.

Moreover, Ms. Wilson expressly admits that out of the two of them she is the "heavy drug user."[10] And, directly on point, regarding the element of intent to deliver the drugs, Ms. Wilson testified that the two of them were going to "stash them I guess;" and she went on to testify that she did not know why the drugs were with them.[11]

Regarding the issue of the State's duty to supplement the requested

_____

[9] Vol 6: 38:3-9
[10] Vol 6:33:11-14
[11] Vol 6:44:12-18

discovery under Article 39.14 that she continuously accepted phone calls from Appellant pretty frequently during the last few weeks before the trial and ever since she was granted probation in the present cases last Fall.[12] Moreover, she also testified that she has talked to Appellant almost every day since the event at issue and that she visits him all the time.[13]

On July 15, 2015 Appellant's attorney faxed his request for all discovery under Article 39.14(a) to the State Prosecutor, Lowell Thompson.[14] Appellant's trial lawyer filed an affidavit along with his Motion for New Trial.[15] His affidavit summarizes the basis of both his Motions for Continuance, which he urged and re-urged during the trial, and the reasons for his Motion for New Trial. His affidavit states:

> "The total amount of recorded video and audio produced to me during trial is approximately 150 hours. The two continuances granted totaled approximately 106 hours. If I had spent every second of the continuances reviewing the supplemented discovery, I could not have done so. Given that I had to eat, sleep, and maintain an otherwise busy law practice, I was only able to review a small fraction of the supplemental discovery during trial."[16]
> Further, the trial lawyer specifically told the Court what his client said on more than one of the phone recordings or videos Ms. Wilson expressly stated

---

[12] Vol 6: 46:23-47:4
[13] Vol 6:51:18-52:1
[14] Clerk's Record at page 90
[15] Clerk's Record at page 88
[16] Clerk's Record at page 89

9

that the drugs on her person were not stuff that Appellant gave her.[17]

During the trial, both the State's prosecutor and the Court admit that they do not know how to apply Article 39.14. On the first day of the trial, the State admits to not understanding the District Attorney's duty to continuously supplement.[18]

Moreover, the Court stated: "I wish we had an appellate court to talk about this, but we don't."[19] And the Court actually stated to the jury a lack of understanding on the application of Article 39.14.[20]

Finally, Appellant's trial lawyer made a Motion for Directed Verdict because there was no evidence that Appellant possessed the PCP or that he had any intent to deliver.[21] What is more, the State admitted during the hearing on the Motion for Directed Verdict that Ms. Wilson's testimony was consistent both before the trial in the interview and during the trial that "…she, the two of them were on the way to stash all the drugs."[22]

**Summary of Argument**

There is no evidence in the record that on the day of his arrest that Appellant had any intent to deliver any drugs whatsoever. As the Prosecutor admitted, all the direct evidence presented on that issue clearly stated that the intent of both parties, Appellant and Ms. Wilson was simply to "stash" their drugs. Therefore, since intent to deliver is an element of both of the charges against Appellant, the Trail Court's verdicts should be negated and the case sent back for retrial.

---

[17] Vol 5:26:2-8
[18] Vol 4:11:14-17
[19] Vol 5:20:11-13
[20] Vol 5:20:2-21:24
[21] Vol 7: 79:2-80:25
[22] Vol 7:81:8-13

The State admitted to a lack of understanding of its duty to supplement under Article 39.14. And the Court admitted not knowing how to apply Article 39.14, and wrongly denied Appellant's Motion for Continuance; hence, he suffered an unfair trial.

**Argument**

**1. Regarding Sufficiency of the Evidence**

Appellant has shown that the evidence is legally insufficient to support his conviction. The State's allegations of intent to deliver were not collaborated by any witness. Indeed, the only direct and consistent evidence on the matter of intent to deliver was that there was only an intent to "stash" the drugs. Moreover, Ms. Wilson was the only fact witness presented that could have had any knowledge as to whether she got the drugs in her bra from Appellant, and she utterly and repeatedly contradicted her own testimony. Because, as the facts show, she is the "heavy drug user," and she buys drugs from several dealers. Hence, it is very likely that the drugs in her bra were purchased by her for her personal use. Appellant notes that these factual inconsistencies throughout the record, collectively and conclusively, establish a reasonable doubt as to whether Appellant did commit either of the offenses of which he was convicted. Courts review the legal sufficiency of the evidence by considering all of the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could

11

have found the essential elements of the offense beyond a reasonable doubt. Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007) (citing Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979)). Evidence is legally insufficient when the "only proper verdict" is acquittal. Tibbs v. Florida, 457 U.S. 31, 41-42, 102 S. Ct. 2211, 2218, 72 L.Ed.2d 652 (1982). Our role is that of a due process safeguard, ensuring only the rationality of the trier of fact's finding of the essential elements of the offense beyond a reasonable doubt. See Moreno v. State, 755 S.W.2d 866, 867 (Tex. Crim. App. 1988). In doing so, we give deference to the responsibility of the fact finder to fairly resolve conflicts in testimony, weigh evidence, and draw reasonable inferences from the facts. Id. We defer to the fact finder's resolution of conflicting evidence unless the resolution is not rational. See Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). Nevertheless, the Court's duty is to "ensure that the evidence presented actually supports a conclusion that the defendant committed" the criminal offense of which he is accused. See Williams, 235 S.W.3d at 750.

## 2. Regarding Article 39.14

The entire intent and purpose of the Michael Morton Act, Article 39.14, is to reduce the number of fallacious convictions. As the Senate Research Center stated in its Bill Analysis regarding the Statement of Intent:

Criminal discovery—the exchange of relevant information between prosecutors and the defense prior to trial—is both necessary for a fair and just criminal justice system, and also required as part of a defendant's constitutional right to a full defense.

**The Bill Analysis rightly notes:**

Most importantly, C.S.S.B. 1611 helps prevent wrongful convictions. Recent high profile cases in Texas show that with open file discovery, the likelihood that evidence relevant to the defendant's innocence would have been revealed is increased. Every defendant should have access to all the evidence relevant to his guilt or innocence, with adequate time to examine it. The state also saves billions of dollars in ensuring that the defendants sent to prison are actually guilty.

**Article 39.14(a) clearly governs the present matter:**

Subject to the restrictions provided by Section 264.408, Family Code, and Article 39.15 of this code, as soon as practicable after receiving a timely request from the defendant the state shall produce and permit the inspection and the electronic duplication, copying, and photographing, by or on behalf of the defendant, of any offense reports, any designated documents, papers, written or recorded statements of the defendant or a witness, including witness statements of law enforcement officers (but not including the work product of counsel for the state in the case and their investigators and their notes or report), or any designated books, accounts, letters, photographs, or objects or other tangible things not otherwise privileged that constitute or contain evidence material to any matter involved in the action and that are in the possession, custody, or control of the state or any person under

13

contract with the state. The state may provide to the defendant electronic duplicates of any documents or other information described by this article.[23] The purpose of the Bill is clear, as stated in the Analysis cited above: "Every defendant should have access to all the evidence relevant to his guilt or innocence, **with adequate time to examine it.**" (Emphasis added)

Nonetheless, as shown in the Statement of Facts, both the State and the Court did not know what duty to supplement the State has under the Article. And the Court expressly requested Appellate Court guidance on the issue. Moreover, throughout the entire trial, Appellant's lawyer repeatedly requested a continuance for adequate time to examine the evidence presented by the State during the trial. And he clearly did not have time to examine the many hours of those recordings and videos. Under purpose of Article 39.14, every defendant is entitled to all the evidence in the open file and "adequate time to examine it." Unarguably, Appellant was deprived of the time needed to examine all the evidence delivered by the State during the trial.

### 3. Regarding the Motion for Continuance

As shown in the above Statement of Facts, Appellant's lawyer repeated requested adequate time to examine the evidence delivered by the State during the Trial. A continuance or postponement may be granted on the motion of the State or defendant after the trial has begun, when it is made to appear to the satisfaction of

---

[23] Parenthesis added

the court that by some unexpected occurrence since the trial began, which no reasonable diligence could have anticipated, the applicant is so taken by surprise that a fair trial cannot be had. Tex. Code of Crim. Proc 29.13

### *Diligence on the part of the Appellant*

Appellant's lawyer followed proper procedure in attempting to procure the information in a timely manner. As shown, the Appellant formally presented his request for open file discovery under Article 39.14 well before trial; however even as late as the first day of trial the information requested had not been fully received.

### *Abuse of discretion*

The trial court's ruling on a motion for continuance is reviewed for abuse of discretion. To establish an abuse of discretion, the defendant must show that he was actually prejudiced by the denial of his motion. Vasquez v. State, 67 S.W.3d 229, 241 (Tex. Crim. App. 2002). At trial below, as shown in the Statement of Facts above, Appellant's lawyer repeatedly requested sufficient time to review all of the discovery that the State withheld until the trial began. His argument was mathematically solid. The amount of time the court did grant was so insufficient that it was actually impossible for the trial lawyer to examine the evidence that was so untimely delivered. Moreover, due to Ms. Wilson inconsistent testimony regarding where she got the drugs, and the fact that Mr. Ward told his attorney that

there was statements made by her in the videos and the phone recordings that were not delivered until the trial began that would prove that the drugs in her bra were exclusively hers. After all, the evidence affirmatively showed that she, and not Mr. Ward, is the heavy drug user, and that she buys here drugs from various dealers.

## Conclusion

What is more fundamental to American Criminal Jurisprudence, under both our Federal and State Constitutions, than the principle that every human being has an inalienable right to a fair trial?

The record below proves four distinct issues: 1) the evidence is insufficient to support the verdict because there is no evidence of any intent to deliver; 2) the evidence is insufficient to support the verdict of possession in regard to the drugs held in Ms. Wilson's bra; 3) the record also proves that Appellant's attorney did not receive adequate time to review all the supplemental discovery that the State provided during his trial; the State inappropriately failed to timely supplement the discovery requested by Appellant's attorney in a timely manner; and 4) the Court abused its discretion in denying the Motion for Continuance and the Motion for New Trial.

Viewing the evidence in the light most favorable to the jury's verdict, Appellant invites the Court to conclude that a rational trier of fact could not have reasonably found that appellant committed either of the two offenses. The evidence is clearly legally insufficient to support Appellant's convictions; hence, the Court is requested to reverse and remand.

Respectfully submitted,

16

Rickey Jones
1910 Pacific Ave, Ste 15100
Dallas, Tx 75201
210 710 7062
866 589 0541 facsimile


By: /s/Rickey Jones_____
    Rickey Jones
    State Bar No. 00787791
    Attorney for Michael Dwight Ward


**Certificate of Compliance**

This is to certify that in accordance with Texas Rule of Appellate Procedure 9.4 (i)(3), the brief consists of approximately 3165 words.

/s/Rickey Jones_____
Rickey Jones


**Certificate of Service**

This is to certify that on September 6, 2016, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, Navarro County by facsimile transmission.

/s/Rickey Jones
Rickey Jones